UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARGARET A. BOSSCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV01227 ERW |
| ) | |
| FEDERAL DEPOSIT INSURANCE ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Federal Deposit Insurance Corporation's Motion to Dismiss [doc. #4].

### I. BACKGROUND

Plaintiff Margaret Bossch ("Plaintiff") filed a complaint with Defendant Federal Deposit Insurance Corporation ("FDIC") regarding Iowa State Bank & Trust. Plaintiff asserted that Iowa State Bank & Trust had embezzled funds from her savings account. FDIC employees investigated the complaint and determined that Iowa State Bank & Trust had required Plaintiff to deposit $10,550.82 into an escrow account as a condition to issuing a home loan. Plaintiff had agreed that the money would be used to cover the outstanding judgments and collections that appeared in her credit report, if she did not resolve those items within 120 days. When Plaintiff did not have all of the items resolved at the end of the 120 days, Iowa State Bank & Trust paid two outstanding judgments, in the amounts of $5,532.78 and $2,078.08, and paid the remaining balance to Plaintiff. As a result of this determination, FDIC employees determined that there was

"no evidence of violations of federal laws and regulations enforced by this office." (Def.'s Mtn. Att. 6, doc. #4-8, p.2).

On July 10, 2008, Plaintiff filed a *pro se* lawsuit against the FDIC in the Circuit Court of St. Louis County. Plaintiff alleges that FDIC employees violated the "FDIC Mission Roles."[1] Her argument appears to be that FDIC employees improperly handled her complaint against Iowa State Bank & Trust in that they failed to assist her in recovering the money that she claims was embezzled from her savings account.[2] On August 22, 2008, the FDIC filed a Notice of Removal with this Court, thereby removing the action from the Circuit Court of St. Louis County to the United States District Court for the Eastern District of Missouri. On September 5, 2008, the FDIC filed its Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The FDIC's Motion is fully briefed and currently pending before this Court.

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a defendant may file a motion to dismiss for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When

---

[1] The "Mission Roles" to which Plaintiff refers apparently come from a FDIC Consumer Affairs Consumer Response Center brochure. Plaintiff indicated that the following language from the brochure is relevant in this case: "Our statutory mandate is to promote and enforce compliance by FDIC supervised banks with federal consumer protection laws, including those relating to fair lending and unfair and deceptive practices." (Pl.'s Complaint, doc. #1-5, p.7).

[2] Plaintiff's Complaint and Response to the FDIC's Motion are both lengthy documents that contain various exhibits interspersed with handwritten argument. Although it is difficult to precisely discern Plaintiff's arguments, this Court believes that this is the essence of her Complaint. This Court recognizes that courts have long been instructed to construe pro se pleadings liberally, in a manner that "encompass[es] any allegation stating federal relief." *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir. 1976); *see also Haines v. Krener*, 404 U.S. 519, 520-21 (1972); *cf. Williams-Bey v. Kempker*, 192 Fed. Appx. 569, 571 (8th Cir. 2006). However, a "*pro se* pleading is not a magic hat out of which a court may pull any claim it thinks should have been advanced." *Bracken v. Dormire*, 247 F.3d 699, 705 (8th Cir. 2001) (Arnold, J., dissenting).

deciding a motion to dismiss under Rule 12(b)(6), the Court must assume that all material facts alleged in the complaint are true. *Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999). Further, the court must view all facts and inferences in the light most favorable to the non-moving party. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

While a plaintiff does not have to "'set out *in detail* the facts upon which he bases his claim,' [Federal Rule of Civil Procedure] 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555 n.3 (internal citation omitted) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 2009 WL 1361536, at *12 (U.S. May 18, 2009) (quoting *Twombly*, 550 U.S. at 557). The factual allegations contained in the pleading must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The plaintiff must demonstrate his or her entitlement to relief, and "'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 2009 WL 1361536, at *12 (quoting *Twombly*, 550 U.S. at 555). Therefore, "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

### III. DISCUSSION

The Court begins by noting that it is not presented with the issue of whether the actions of Iowa State Bank & Trust were proper or reasonable. The Court is only considering whether the FDIC, as the insurer of deposits made at Iowa State Bank & Trust, can be held liable for the actions of the Bank, or for the manner in which it handled Plaintiff's complaints about the Bank.

The Court finds that the FDIC cannot be held liable for the losses allegedly caused by Iowa State Bank & Trust as a consequence of FDIC insurance of the deposits made at the Bank. The Federal Deposit Insurance Corporation "was created in 1933 to insure depositors against loss resulting from bank failures and to restore public confidence in banks." *Wash. Mut. Sav. Bank v. FDIC*, 482 F.2d 459, 462 (9th Cir. 1973). This purpose is implemented by the FDIC through the insurance of deposits made at all insured banks and savings associations. *See* 12 U.S.C. § 1811(a). In the event of a bank failure, deposit insurance protects deposits up to a certain amount, thereby protecting depositors from suffering losses as a result of the bank failure. *See FDIC v. Phila. Gear Corp.*, 476 U.S. 426, 432-33 (1986) ("The focus of Congress was therefore upon ensuring that a deposit of 'hard earnings' entrusted by individuals to a bank would not lead to a tangible loss in the event of bank failure."). FDIC insurance, however, does not protect depositors from action taken by a bank or savings association prior to insolvency. *See In re Collins Sec. Corp.*, 998 F.2d 551, 555 ("Deposit insurance protects depositors from loss due to the bank's insolvency, not loss from the bank's pre-insolvency mistakes, which is frequently covered by errors and omissions insurance."). Because Plaintiff's claims are related to pre-insolvency actions of Iowa State Bank & Trust,[3] the FDIC cannot be liable as a consequence of its insurance of the Bank's deposits.

Additionally, the FDIC cannot be held liable for the manner in which it handled Plaintiff's complaint about Iowa State Bank & Trust. Plaintiff has not set forth, nor has this Court identified, any law that would support such a cause of action. Moreover, the FDIC employees

---

[3]In fact, there is no evidence to suggest that Iowa State Bank & Trust is in insolvency.

appear to have acted reasonably in resolving Plaintiff's complaint and in communicating with her regarding their findings.

Plaintiff has failed to adequately demonstrate that she is entitled to relief with respect to her claims against the FDIC. The Court finds that she has failed to state a claim upon which relief may be granted and, thus, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismisses her claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Federal Deposit Insurance Corporation's Motion to Dismiss [doc. #4] is **GRANTED**. Plaintiff's claims against Defendant are **DISMISSED, with prejudice**.

Dated this 21st Day of May, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE